IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-CV-03006-RBJ-BNB

NANCY E. SUNDQUIST
    Plaintiff,

v.

D.R. HORTON, INC., a Delaware Corporation
    Defendant.

## ORDER

This case comes before the Court on defendant's motion for summary judgment [Docket #34] and plaintiff's motion for partial summary judgment [Docket #35].

**Facts**

Nancy E. Sundquist was hired by D.R. Horton, Inc., a home builder, as a sales representative in January 2006. She alleges that for the next three years she was one of the company's top performers. However, she alleges that on April 6, 2009 she complained to the company's human resources personnel that younger co-workers employees were being treated more favorably than was she, and she expressed her desire to resign due to the differing treatment. She alleges that instead of accepting her resignation, she was instructed to act as though everything was normal while her complaints were investigated. However, later on the same day she was laid off in a reduction in force, purportedly because she did not have the skill set and experience of employees who remained employed. She was told that she was re-hirable, but when the company later began to hire new employees, she was not contacted.

After exhausting her remedies with the Equal Employment Opportunity Commission, she filed this lawsuit, asserting violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Her two claims allege that (1) she was terminated because of her age, 41, and (2) her termination and the defendant's failure to rehire her were motivated by retaliation for her complaining about age discrimination.

Shortly after the complaint was filed, the defendant moved to dismiss for failure to state a claim upon which relief could be granted. Defendant cited a letter that Ms. Sundquist submitted when she met with the human resources personnel. Ex. A to motion [docket #5-1]. The letter asks the recipients to accept the letter as formal notice of her resignation, indicating that she felt that it was time for new challenge, and that she had decided to resign to spend time "evaluating my career and exploring new opportunities." *Ibid.* Defendant contended that Ms. Sundquist voluntarily resigned, whether or not her resignation was "accepted," and therefore she had no basis to complain about an improper "termination." Defendant further contended that its failure to rehire Ms. Sundquist could not be attributed to "retaliation," because she had not alleged that she re-applied or that she was treated differently than other employees who resigned.

In an order issued on July 28, 2011 [#19] the Court, by Hon. Robert E. Blackburn, held that Ms. Sundquist's allegations, if true, presented a plausible contention that after her discussion with defendant's human resources personnel, she did not intend to resign. Instead, with the encouragement of the human resources individuals, and before they accepted her resignation, she withdrew her resignation letter. *Id.* at 6. Accordingly, the Court denied the motion to dismiss plaintiff's first claim.

Citing *Argo v. Blue Cross & Blue Shield of Kansas, Inc.,* 452 F.3d 1193, 1202 (10th Cir. 2006), the Court found that Ms. Sundquist's claim that she was terminated within 24 hours after

2

complaining about discrimination "easily supports an inference of causal connection and retaliatory motive." July 28, 2011 order at 9. However, the Court found that she had not stated a plausible retaliation claim based upon defendant's failure to rehire her, because she did not allege that she applied for a position or that the defendant was on notice that she sought a position after her employment ended or that she was part of a group that might reasonably be interested in a particular position. *Id.* at 10-11. Accordingly, the Court dismissed plaintiff's second claim in part.

### Defendant's Motion for Summary Judgment [#34]

Defendant moves for summary judgment, claiming that it is undisputed that (1) Ms. Sundquist voluntarily resigned; (2) in any event, the decision to select her for a reduction in force was based on legitimate nondiscriminatory reasons other than age; and (3) she did not make any complaint to defendant that was protected by the ADEA and, therefore, cannot prevail on her retaliation claim.

Judge Blackburn's order discusses the resignation letter, and I will not revisit or second guess his analysis. However, defendant contends that the facts concerning what occurred at the April 6, 2009 meeting when the letter was tendered are not as Ms. Sundquist alleges and are not genuinely disputed.

By way of background, defendant submits evidence that it went through a number of reductions in force beginning in 2007 due to declines in the housing market. On March 24, 2009 defendant's president, Scott Davis, gave the human resources a list of 10 more employees to be laid off, including Ms. Sundquist. The layoff could not be implemented until severance packages were prepared, and April 6, 2009 was selected as the layoff date.

It is not disputed that Ms. Sundquist unexpectedly appeared at the company's human resources headquarters in Texas on the same date, unaware that the company planned to terminate her employment, and submitted her resignation letter. Ms. Sundquist complained about management in defendant's Denver Division, primarily Mr. Davis and Ms. Sundquist's immediate supervisor, Cheryl Jaramillo. However, according to the three human resources officers who attended the meeting and took detailed notes, Ms. Sundquist did not complain that younger employees were being treated more favorably because of their age or that she had been discriminated against based on her age. Affidavits of Paula Hunter-Perkins and her notes [##34-8, 34-5]; affidavit of Tammy Haggard and her notes [##34-9, 34-6]; and Affidavit of Vicki Jones and her notes [##34-10, 34-7].

Plaintiff's response argues that she testified in her deposition that she did complain about discrimination during that meeting. I have reviewed the citations she provides. Ex. C to defendant's motion [#34-3] at 81: 12-22; 108: 6 – 109: 15; 109: 20 – 110:6; 114: 2 – 115:2; 118: 5-11. They do not provide any support for the contention that Ms. Sundquist complained about age discrimination at the meeting, nor has she provided an affidavit or other evidence in support of this contention. Neither of her affidavits indicates that she actually complained about age discrimination during the meeting. Her November 11, 2009 affidavit [#37-5] doesn't address the issue. Her October 18, 2011 affidavit [#37-7] states that she met with the human resource professionals to complain about the treatment she was facing in defendant's Denver office and that younger sales representatives were being treated better than she was, but it does not state that she actually did complain about age discrimination during the meeting.

In the face of the three affidavits to the contrary, which are consistent with the three individuals contemporaneous notes, and plaintiff's failure either in her deposition or in an

4

affidavit to make a plain statement that she told the human resources personnel that she felt that she was being treated differently because of her age, the Court finds that plaintiff has not established the existence of a genuine issue of material fact as to whether she complained of age discrimination at the April 6, 2009 meeting. That is material to the retaliation claim. Judge Blackburn denied the motion to dismiss that claim because plaintiff alleged that she was terminated on the same day that she complained to the human resources personnel about unlawful discrimination based upon her age. In response to a motion for summary judgment, however, she cannot rest on the allegations of the complaint. She must come forward with some evidence showing that there is a genuine dispute of fact. Fed. R. Civ. P. 56 (c). Therefore, the Court grants the motion for summary judgment with respect to the Second Claim for Relief.

With respect to First Claim for Relief, a plaintiff establishes a prima facie case of age discrimination if she shows that she was "(1) within the protected group; (2) doing satisfactory work (qualified for the position); (3) discharged (or adversely affected by defendant's employment decision); and (4) replaced by a younger person." *Jones v. Unisys Corp.,* 54 F.3d 624, 630 (10th Cir. 1995). I find that she has presented at least some evidence on each of the four requirements.

- It is undisputed that Ms. Sundquist was within the protected age group.
- She has come forward with some evidence that can be construed as indicating she was doing satisfactory work. *See* her affidavit, the affidavit of a co-worker, and various evaluations and rankings she received. Exhibits 37-5, 37-6, 37-11, 37-13.
- She has come forward with some evidence that she did not voluntarily resign. She testified that after tendering her resignation letter, she complained about certain conduct of management personnel, and she was advised to return to her

5

       office and act like nothing has happened while the human resources department investigated her complaints. Deposition [#34-3] at 127:10-16. Defendant admits this for purposes of the pending motion. Motion at 6. Defendant also has presented evidence that she was scheduled to be laid off in a reduction of force that same day.

- Finally, Ms. Sundquist has alleged that testified that she was replaced by Tetrina Kloss who was a younger woman and not in the protected class. Defendant does not dispute that Ms. Kloss was younger and not in the protected class. Mr. Davis denies that Ms. Kloss "replaced" Ms. Sundquist but does acknowledge that Ms. Sundquist's job duties were at least partly taken over by Ms. Kloss. Davis Aff. [#34-1] at ¶11.

Plaintiff admits, and I agree, that defendant has presented evidence that the termination was not motivated by Ms. Sundquist's age but instead by legitimate, nondiscriminatory reasons. Both parties acknowledge that the burden is then on the plaintiff to offer evidence that age was a determining factor in motivating the challenged decision, essentially that the alternative reasons given were pretextual. *See Ingels v. Thiokol Corp.,* 42 F.3d 616, 621 (10th Cir. 1994).

In her deposition Ms. Sundquist testified that she believes management treated her differently because of her age. Exhibit 3 to defendant's motion [#34-3] at 114:21-24; 115:16-116:4; 117: 8-118:4; 122:4-10. Her opinions by themselves do not establish a material factual dispute regarding the defendant's motivation. *See Webb v. Level 3 Communications, LLC,* 167 Fed. Appx. 725, 730 (10th Cir. 2006). However, she has presented the affidavit of a co-worker [#37-6] in addition to her own affidavit that tends to contradict the reasons for the termination offered by the defendant. She has presented some evidence that her supervisor's rankings were

markedly changed for the worse during 2008, and that as a result, she was ranked below younger sales representatives who were not included in the April 6, 2009 reduction in force even though her sales were significantly higher than theirs. *See* Response at 12-13 and exhibits 37-8, 37-9 and 37-11. She indicates that defendant's response to discovery requests for the "Shop Evaluations" for all sales representatives in the Denver Division indicated that no one outside the protected class was evaluated. Response at 15; Ex. 14. She testified that certain younger sales representatives received better assignments and bonuses than members of the protected class (but not that she complained to human resources personnel that this was because of their age). *See* Response at 18-19 and testimony cited. As indicated, plaintiff has presented evidence that her replacement was a younger woman.

The Court does not weigh the evidence and make findings of fact on a motion for summary judgment. The Court only determines whether there is a genuine dispute concerning a material fact. The Court concludes that there is enough in the record presented to create a disputed issue of fact concerning whether age was a motivating factor in the decision to terminate her employment. Therefore, summary judgment on the First Claim must be denied.

### Plaintiff's Motion for Partial Summary Judgment [#35]

Plaintiff seeks an order striking a number of defendant's asserted "affirmative defenses. Using the numbering system in defendant's answer, these defenses are (1) plaintiff resigned and, therefore, there was no adverse employment action; (3) plaintiff failed to exhaust her administrative remedies; (4) plaintiff failed to mitigate her damages; (5) the doctrine of after acquired evidence; and The s(6) defendant's good faith efforts to comply with the law precludes liquidated damages. Defendant responds that summary judgment is an inappropriate procedure with respect to an affirmative defense because it would amount to an advisory opinion.

I do not agree that summary judgment can never be appropriate with respect to an asserted defense. Rule 56(a) expressly states that a party may move for summary judgment as to a claim or a defense. Also, Rule 12(f) authorizes courts to "strike from a pleading an insufficient defense." In my view, one responsibility of a trial court is to narrow the issues, when appropriate, to those that should be tried.

Having said that, however, it is evident that whether the plaintiff voluntarily resigned or was terminated is a disputed issue of fact. Whether the defendant has made good faith efforts to comply with the ADEA, and whether plaintiff has failed to mitigate her damages, are inherently issues of fact.

The parties have stipulated in the pretrial order that plaintiff exhausted her administrative remedies. [#45] at ¶4(b). The defense, "[p]laintiff's damages may be barred by the doctrine of after-acquired evidence," by its very wording implies that the defendant had no evidence to support this defense when the Answer was filed. The description of defendant's defenses in the pretrial order does not indicate that defendant has or will rely upon any after-acquired evidence. Therefore, these two defenses are stricken. Otherwise, the motion for "partial summary judgment" is denied.

**Order**

1. Motion #34 is GRANTED IN PART AND DENIED IN PART. The Court enters partial summary judgment in favor of the defendant, D.R. Horton, Inc. and against the plaintiff, Nancy E. Sundquist, dismissing plaintiff's Second Claim for Relief with prejudice. Otherwise, the motion is denied.

2. Motion #35 is GRANTED IN PART AND DENIED IN PART. The Court strikes defendant's third and fifth "affirmative defenses." Otherwise, the motion is denied.

DATED this 6th day of February, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge